## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROLINE ROBINSON
     Individually, and as Personal
     Representative and Administrator of
THE ESTATE OF ARNELL ROBINSON,
     Estate No. 2009ADM305
1321 Fifth Street, N.W, No. 203
Washington, D.C. 20001

         Plaintiff,

v.

DISTRICT OF COLUMBIA,
a municipal corporation
441 Fourth Street, N.W.
Washington, D.C. 20001

     Serve: Tabitha Braxton, designee
         Mayor Adrian Fenty
         Office of Mayor
         1350 Pennsylvania Ave., N.W.
         Washington, D.C. 20001

         Darlene Fields, designee
         Peter Nichols
         Office of Attorney General
         District of Columbia
         441 4th Street, N.W.
         Washington, D.C. 20001

         and

MICHAEL PEPPERMAN,
individually in his personal capacity,

     Defendants.

Civil Action No. _____

Calendar Case No. _____

Judge _____

## **COMPLAINT**

COMES NOW, Caroline Robinson, individually and as personal representative and

administrator of the Estate of Arnell Robinson, by and through undersigned counsel, sues and

makes this claim for damages against Defendant the District of Columbia and Defendant

Michael Pepperman, individually and in his personal capacity, on the grounds and in the amounts

as hereinafter set forth:

## TABLE OF CONTENTS

Introduction ................................ p.3
Parties ..................................... p.3
Jurisdiction ................................ p.4
Facts Common to All ......................... p.5
Damages ..................................... p.10

**Constitutional Claims-Wrongful Death Counts** ... p.12
   I.    Fourth Amendment: Unreasonable Seizure/False Arrest/Lack of Cause ... p.12
   II.   Fourth Amendment: Unreasonable Seizure by Excessive Force ... p.13
   III.  Fifth and Fourteenth Amendments: Violation of Due Process ... p.15
   IV.  §1983 *Monell* Claim for Violations of Fourth, Fifth and Fourteenth ... p.16
       Amendment Rights

**State Law Claims-Wrongful Death Counts** ... p.20
   V    Negligence ... p.20
   VI   Assault ... p.22
   VII  Battery ... p.24
   VIII Intentional Infliction of Emotional Distress ... p.25
   IX  Negligent Infliction of Emotional Distress ... p.26
   X   Recklessness/Gross Negligence ... p.27
   XI  Negligence in Hiring, Reteention, Training and Supervision ... p.30
   XII Vicarious Negligence Liability Under D.C. Code §50-1301.01 ... p.32

**Constitutional Claims-Survivorship Counts** ... p.33
   XIII Fourth Amendment: Unreasonable Seizure/False Arrest/Lack of Cause ... p.33
   XIV Fourth Amendment: Unreasonable Seizure by Excessive Force ... p.34
   XV  Fifth and Fourteenth Amendments: Violation of Due Process ... p.36
   XVI §1983 *Monell* Claim for Violations of Fourth, Fifth and Fourteenth ... p.38
       Amendment Rights

**State Law Claims-Survivorship Counts** ... p.42
   XVII Negligence ... p.42
   XVIII Assault ... p.44
   XIX  Battery ... p.46
   XX   Intentional Infliction of Emotional Distress ... p.47
   XXI  Negligent Infliction of Emotional Distress ... p.48
   XXII Recklessness/Gross Negligence ... p.49
   XXIII Negligence in Hiring, Reteention, Training and Supervision ... p.52
   XXIV Vicarious Negligence Liability Under D.C. Code §50-1301.01 ... p.54

Demand For Jury Trial ....................... p.56

## INTRODUCTION

1. This lawsuit, brought under the Civil Rights Act, 42 U.S.C. § 1983, seeks money damages for violations of the rights of Arnell Robinson, deceased, under the Fourth, Fifth and Fourteenth Amendments to the Constitution for unreasonable seizure and violation of Due Process, as well as claims brought under the laws of the District of Columbia, including common law claims for assault and battery, intentional and negligent infliction of emotional distress, negligence, and claims under the District's Wrongful Death Act and Survivorship Act.

2. It is alleged that Defendant Michael Pepperman, a District of Columbia police officer, killed Arnell Robinson by intentionally or negligently colliding his police car into Arnell Robinson's motorcycle. It is further alleged that Defendant Pepperman intended to harass and intimidate Arnell Robinson, as a pattern of profiling and harassing young motorcycle drivers, by use of excessive force in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution.

## PARTIES

3. The Estate of Arnell Robinson, Estate No. 2009ADM305, is an estate in the District of Columbia. At all times material hereto, Decedent Arnell Robinson (Decedent) was an adult individual residing in the District of Columbia.

4. Caroline Robinson (Plaintiff), the duly appointed Personal Representative and Administrator of the Estate, is the adult mother of Arnell Robinson, and a resident of the District of Columbia.

5. Defendant The District of Columbia (Defendant D.C.) is a municipality and a governmental body within the federal territory of the District of Columbia.

6. Defendant Michael Pepperman (Defendant Pepperman), who is being sued individually in his personal capacity, at all times material hereto, was a police officer of the Metropolitan Police Department (MPD) of Defendant D.C., acting with and under the power and authority granted him by Defendant D.C., in the name of and on behalf of Defendant D.C., and under color of state law, within the meaning of 42 U.S.C. § 1983.

## JURISDICTION

7. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and §1343 as this suit arises under the Constitution and laws of the United States. Pendant jurisdiction over the claims arising under District of Columbia law (state law claims) is proper under 28 U.S.C. § 1367.

8. Personal jurisdiction is proper as Plaintiff and Defendants are residents of or entities located within the District of Columbia.

9. Venue is proper under 28 U.S.C. § 1391 as all material and relevant acts and inactions occurred within the District of Columbia, and all material witnesses and evidence may be found within the District or nearby.

10. The actions of which Plaintiff complains violated Decedent's constitutionally protected rights and were taken under color of District of Columbia law and/or policy, procedure, custom or usage and may be redressed pursuant to 42 U.S.C. § 1983.

11. Defendants violated Decedent's constitutionally protected rights, under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and the laws of the United States, to be free from unreasonable search and seizure, unreasonable seizure by use of excessive force, to be free from deprivation of life or liberty without due process of law,

and a right to be free from unreasonable governmental interference and obstruction while travelling on the roads of the United States.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

13. Defendant Pepperman, a police officer of the District of Columbia, acting under color of law, and pursuant to the policies and procedures of Defendant D.C., killed Arnell Robinson in the course of intentionally driving into the lane of Robinson's oncoming motorcycle, which was tantamount to a traffic stop. Defendant Pepperman acted without sufficient legal cause to seize Arnell Robinson and/or restrict his freedom of movement, and through the use of unreasonable and excessive force, violated Arnell Robinson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments, as well as assaulting and battering him.

14. On Friday, March 6, 2009, just before 3 p.m. on a clear day, Arnell Robinson, age 20, a bright young man with a promising future, was riding his motorcycle, a yellow 2003 Kawasaki, westbound in the 400 block of O Street, N.W., in the District of Columbia. Arnell Robinson was riding properly in his lane of traffic.

15. At the same time, travelling eastbound in the same block, Defendant Pepperman was driving his unmarked MPD police car. Travelling with Defendant Pepperman as a passenger in the unmarked police car was MPD Officer Gina Leveque.

16. Upon information and belief, Defendant Pepperman saw Arnell Robinson approaching on his motorcycle, and proceeded to swerve his police car to the left, crossing the center of the

street, and without using his horn to warn Robinson, intentionally drove into Robinson's path. Defendant Pepperman knew or should have known that driving into Robinson's lane of traffic would injure or kill Robinson, especially since there were cars parked to Robinson's right, and Defendant Pepperman's maneuver prevented Robinson from proceeding straight or moving left, and so Robinson had no way to avoid the collision.

17. Had Defendant Pepperman continued straight without swerving to the left, he would not have hit Robinson.

18. Defendant Pepperman was well acquainted with O Street, and knew that there were numerous speed bumps on this street. Pepperman knew or should have known that driving into Arnell Robinson's lane while Robinson was riding a motorcycle past said speed bumps, would result in an inability of Robinson to steer his motorcycle and make the sharp turn necessary to avoid a collision.

19. Defendant Pepperman collided with Arnell, head on. Arnell then hit the police car, was thrown from the bike, and then the pavement on Arnell's side of the street.

20. Arnell Robinson was then rushed to Howard University Hospital for his injuries, where shortly after his arrival, despite efforts to save him, Arnell died.

21. Defendant Pepperman did not make a reasonable inquiry and had no knowledge as to whether the Decedent had engaged in or was about to engage in any illegal activity, prior to intentionally swerving into Decedent's motorcycle.

22. At all times relevant to this lawsuit, Arnell Robinson was unarmed, and did not engage with or resist Defendant Pepperman in any way, and was not engaging in any activity that put Defendant Pepperman or anyone else at risk of imminent harm.

23. Defendant Pepperman intended to and did initiate and effect a seizure of Decedent, without legal cause or reason, in that he intentionally limited and obstructed Arnell's freedom of movement through the maneuvering of his police vehicle.

24. The force which Defendant Pepperman used, i.e., deadly force, was grossly disproportionate to the force necessary to seize Arnell Robinson, as Defendant Pepperman possessed emergency flashers at his disposal in his vehicle, upon the activation of which, Decedent would have come to a stop or otherwise complied with Defendant Pepperman's directions, had he been so instructed.

25. Defendant Pepperman did not, in fact, activate his flashing lights or siren at any time relevant to the instant lawsuit.

26. Defendant Pepperman's attempt to scare and/or restrict Arnell's movement was unreasonable and in violation of the Fourth Amendment to the Constitution, in that it lacked probable cause, reasonable or articulable suspicion of wrongdoing, and was effected by means of unreasonably excessive force.

27. Decedent had no reason to believe that that Defendant Pepperman, who swerved into and stopped in his lane of traffic, was a police officer, as he was operating an unmarked police vehicle.

28. The District of Columbia is aware or should be aware that its MPD officers have and carry out such a policy of harassing young people on motorcycles, and yet does little or nothing to stop this practice. Further, the District of Columbia is aware or should be aware that its failure to hire, train, supervise, and discipline its MPD officers fosters and condones such behavior and creates a de facto policy of the District of Columbia that MPD officers are permitted such excesses and abuses to the extent they can get away with it.

29. Following the incident, Defendant Pepperman conspired with other officers to fabricate facts in the police report with the motivation of concealing Pepperman's tortious and unconstitutional actions. Specifically the police report stated in words and/or diagrams the following fabricated facts:

   a. That Decedent Arnell Robinson was on the wrong side of the road because he was in the process of making a u-turn, when in fact, Robinson was making no such u-turn, and had not crossed the center of the street;

   b. That Pepperman had swerved in an attempt to avoid a collision with Robinson, when in fact, Arnell Robinson had not crossed the center of the street, and so there was no reason to swerve; and

   c. That, according to the police report diagram, there were cars parked on Pepperman's side of the road when the incident occurred, so Pepperman could not move to his right to avoid collision, when in fact, there were no such cars parked to the right of Pepperman in the vicinity of the collision, and there was ample opportunity to move to the right rather than to the left.

30. Such conspiracy demonstrates the District's existing policy of encouraging dishonesty and deception by its police officers, where such deception is designed to conceal, obfuscate and limit any personal liability of individual police officers, thus minimizing, mitigating or eliminating any adverse consequences, including negative publicity and adverse judgments against the District.

31. Such conspiracy between the District and its officers also demonstrates the MPD's climate of tolerating and fostering constitutional violations by its officers on a city-wide basis.

32. Pepperman intentionally chose to swerve to the left toward Robinson to threaten, intimidate and cause harm to Robinson.  In support of Plaintiffs position that Pepperman intentionally drove his vehicle towards Robinson with the intention of hitting or scaring Robinson, Plaintiff states the following facts:

    a.  The police report states that Pepperman "swerved to the left" into Mr. Robinson's lane of traffic.

    b.  There was ample room for Arnell's motorcycle and Defendant Pepperman's vehicle to pass, had both vehicles continued straight.

    c.  Had Pepperman worried about an imminent collision with Robinson (which Plaintiff disputes and denies), Pepperman had room to swerve to the right to avoid the collision.  There were no vehicles parked on Pepperman's side of the street, and even if there were (which Plaintiff disputes and denies), Pepperman could have still chosen to swerve right as to collide with those parked vehicles, had he valued Robinson's life.

    d.  There is no indication that Robinson was warned by Pepperman by the use of his horn, turning on his sirens, or flashing red lights.  This is because Pepperman's intention was not to warn Robinson to avoid a collision, but rather his intention was to collide with or scare Robinson.

    e.  Although Defendant Pepperman had an unobstructed view of Robinson for some time prior to the collision, there is no indication that Pepperman applied his breaks to avoid the collision.  Nor did Pepperman's vehicle leave any skidmarks, as one would expect to find, had Pepperman made a sudden attempt to stop.

f.  No motorcycle driver would be inclined to drive his vehicle into the front of a motor vehicle.  That is to say that Pepperman's version of Robinson's conduct was inherently unreasonable to any motorcycle driver.  This is not a case of suicide by cop as Robinson had just purchased the motorcycle and had every reason not to want to destroy himself or his new motorcycle.

33. Such maneuver by Pepperman was calculated and certain to cause harm to Robinson, as Robinson necessarily had to either hit Pepperman's vehicle, and/or hit a parked vehicle, and/or bail from his motorcycle.

34. Alternatively, Plaintiff asserts that Defendant Pepperman carelessly, recklessly, negligently, and without due care, swerved into the left lane and collided into Decedent's motorcycle.

35. As a result of the District's actions and inactions, policies, procedures, customs and usages, and as a result of Pepperman's actions, Arnell Robinson, his mother, Caroline Robinson, and his Estate suffered various injuries, described in paragraph 38 herein, for which compensation is now sought.

36. Decedent, prior to the collision was caused to suffer extreme emotional distress and fear and apprehension of the imminent collision, and after the collision was caused to suffer conscious pain and suffering, bodily injuries, and discomfort as well as extreme emotional distress and death.

37. As a result of his death, Arnell Robinson leaves behind statutory beneficiaries, Caroline Robinson, his mother, and Andre Robinson, his father.  The Estate, through its personal representative, Caroline Robinson, seeks recovery of damages for the causes of action set forth below under the District's Survivorship Statute and its Wrongful Death Statute.

## DAMAGES

38. As a direct and proximate result of the acts and omissions of Defendant Pepperman and Defendant D.C., as stated herein above and in each of the Counts of Plaintiff's Complaint:

   a. Decedent suffered fatal bodily injuries, pain and suffering, disfigurement, inconvenience, mental anguish, disability, fright, embarrassment, demoralization, deformity, discomfort, emotional distress, and eventual death.

   b. Decedent sustained damages to his vehicle, suffered loss of income and other financial losses, and by the taking of his life was deprived of his normal maturation, development, educational growth and improvement, economic growth and improvement, and professional advancement.

   c. The Estate incurred medical expenses in the treatment of his injuries, funeral and burial expenses, and suffered loss of income and other financial losses.

   d. The Estate, Caroline Robinson and other statutory beneficiaries of Decedent have been denied the financial benefits, gifts and other contributions that they would have expected to receive from Decedent, and have suffered and will continue to suffer other damages, including but not limited to pecuniary financial loss and loss of service, all otherwise recoverable under the District of Columbia's Wrongful Death Act and/or Survivorship Act.

   e. Defendants' constitutional violations, outrageous tortious acts, and intentional wrongful acts, all committed against Decedent, exhibited the degree of malice warranting punitive damages which is sought by Plaintiff.

## CONSTITUTIONAL CLAIMS-WRONGFUL DEATH COUNTS

### Count I (Against Defendant Pepperman)

### Fourth Amendment: Unreasonable Seizure/False Arrest/Lack of Cause

39. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

40. At all times material hereto, Defendant Pepperman acted under color of law.

41. Defendant Pepperman intentionally swerved into Plaintiff's lane of traffic, under color of law, intending to deter Plaintiff from operating his motorcycle on the streets of the District of Columbia, which was tantamount to effecting a traffic stop, i.e., a seizure of the Decedent's person, without legally sufficient cause or reason, and indeed, did stop Arnell Robinson.

42. Defendant Pepperman had no probable cause, reasonable suspicion, nor articulable suspicion to believe that the Decedent had engaged in or was about to engage in any illegal activity.

43. At all times relevant to the instant lawsuit, Decedent, in fact, had not engaged in, and was not about to engage in any illegal activity.

44. As a direct and proximate result of the illegal search and seizure, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

45. Defendant Pepperman's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

46. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant Pepperman in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

### Count II (Against Defendant Pepperman)

### Fourth Amendment: Unreasonable Seizure by Excessive Force

47. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

48. At all times material hereto, Defendant Pepperman acted under color of law.

49. Defendant Pepperman seized the Decedent's person, as described above herein, through the use of deadly force, specifically, colliding his police car into Decedent's motorcycle.

50. Such deadly force was clearly and objectively unreasonable in light of the circumstances known to Defendant Pepperman, and no reasonable police officer in such circumstances would have used such means nor thought such means was within the bounds of reason.

51. At all times relevant to this lawsuit, Decedent was unarmed, and did not engage with or resist Defendant Pepperman in anyway, and was not engaging in any activity that put Defendant Pepperman or anyone else at risk of imminent harm.

52. Despite the Decedent's complete lack of aggression towards Defendant Pepperman or anyone else, Defendant Pepperman used excessive and deadly force to seize the Decedent's person.

53. The force which Defendant Pepperman used to stop Arnell Robinson was disproportionate to the force necessary to seize Arnell Robinson, as Defendant Pepperman possessed

emergency flashers at his disposal in his vehicle, upon the activation of which, Decedent would have come to a stop or otherwise complied with Defendant's directions, had he been so instructed.

54. Defendant Pepperman had no reason to believe that the Decedent would not have stopped his motorcycle, had he been signaled or requested to in a reasonable and lawful manner.

55. No reasonable police officer, in similar circumstances, would have used the same disproportionate and deadly force used by Defendant Pepperman.

56. By his actions and conduct, Defendant Pepperman effected an unreasonable and illegal seizure of Decedent in violation of the Fourth Amendment.

57. As a direct and proximate result of the illegal search and seizure, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

58. Defendant Pepperman's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

59. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant Pepperman in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count III (Against Defendant Pepperman)

### Fifth and Fourteenth Amendments: Violation of Due Process

60. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

61. At all material times, Defendant Pepperman acted under color of law.

62. Pursuant to the Fifth and Fourteenth Amendments to the Constitution and the laws of the United States, Decedent had a constitutionally protected right to be free from deprivation of life and liberty without due process of law.

63. Specifically, Decedent had the right to be free from unreasonable governmental interference and obstruction while travelling on the roads of the United States.

64. Defendant Pepperman intentionally obstructed Decedent, without legal cause or reason, and without notice, in an unmarked police car.

65. Defendant Pepperman did not make a reasonable inquiry as to whether the Decedent had engaged in or was about to engage in any illegal activity, prior to intentionally swerving into Decedent's motorcycle.

66. Defendant's swerving into the Decedent's motorcycle without any provocation or lawful reason amounts to unreasonable governmental interference and obstruction of Decedent's travel on said roads, and therefore a violation of the Decedent's substantive due process rights.

67. If Defendant Pepperman had reasonably suspected Decedent of being in violation of the traffic laws, due process would entitle the Decedent to a lawful police stop.

68. Rather than being afforded Due process substantive procedurally or substantially, the Decedent was unreasonably deprived of his liberty to travel the roads of the United States

unimpeded, and in the process, summarily executed by Defendant Pepperman, under color of District of Columbia law.

69. As a direct and proximate result of the aforementioned constitutional violations, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

70. Defendant Pepperman's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

71. Damages sought under this count are proper pursuant to the Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant Pepperman in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count IV (Against Defendant D.C.)

### §1983 *Monell* Claim for Violations of Fourth, Fifth and Fourteenth Amendment Rights

72. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

73. As described in the above Counts of this Complant, Defendant Pepperman violated the Decedent's Fourth, Fifth and Fourteenth Amendment rights.

74. At all times material hereto, Defendant Pepperman acted under color of law.  He was on duty, performing his job as a police officer of the District of Columbia, pursuant to the authority vested in him by Defendant D.C.

75. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to encourage and permit officers on patrol in their vehicles to intimidate young motorcyclists, intentionally, using means including but not limited to swerving into motorcyclists' lane of traffic causing the rider to swerve, fall or lose control of the motorcycle.

76. Officers of the MPD, including Defendant Pepperman, pursued this practice in order to intimidate, threaten and bully motorcycle riders in D.C.

77. These practices and/or customs employed by the MPD Officers, including Defendant Pepperman, were commonplace and were knowingly or tacitly condoned by supervisors within the MPD.

78. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to condone abuses of police power by its officers, including but not limited to the type of abuse alleged against Defendant Pepperman herein, through its inaction and failure to investigate and pursue reports of unlawful seizures and use of excessive force, and failure to deter such behavior by its agents through proper training, reprimand, suspension or dismissal, particularly with respect to incidents involving young motorcyclists.

79. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to fail to train and discipline its officers, creating a situation where its unfit, untrained and undisciplined officers were certain to violate the constitutional rights of young motorists in the District of Columbia through unreasonable seizures, use of excessive force, and deprivation of due process of the law, without fear of consequence.

17

80. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant D.C. to the constitutional rights of young motorcyclists and others within the District, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

81. Defendant D.C. and its agents adhered to the aforementioned policies, practices and customs intentionally, and with deliberate indifference to the obvious inevitability that young motorcyclists in the District of Columbia, such as and including the Decedent, would be deprived of their Fourth, Fifth and Fourteenth Amendment constitutional rights in the manner described in the Counts herein (unlawful seizures, uses excessive force and unreasonable obstruction of travel).

82. As a result of improper training by Defendant D.C., Defendant Pepperman was incapable to do his job without violating the constitutional rights of young motorcyclists in the District of Columbia with which he came into contact. Defendant D.C. allowed Defendant Pepperman to perform his job without providing him proper training with respect to protecting the Constitutional rights of the District's Citizens and specifically with respect to the constitutional rights of young motorcyclists, with deliberate indifference to the fact that he was almost certain to violate the constitutional rights of young motorcyclists and others in the District of Columbia.

83. As a result of the above described policies and customs, Defendant Pepperman was not suspended or fired at any time prior to the collision, when had he been properly monitored, the District of Columbia should have known that he was unfit and incapable of carrying out the police powers of Defendant D.C. without violating the United States Constitution. Said retention of Defendant Pepperman by Defendant D.C. was done with deliberate

indifference to the fact that he was almost certain to violate the constitutional rights of D.C. citizens, including but not limited to young motorcyclists.

84. As a result of the above described policies and customs, Defendant Pepperman, believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or punished, but would be tolerated.  Defendant Pepperman was never deterred in any way from committing the constitutional violations he engaged in with respect to the Decedent.  Said failure to deter on part of Defendant D.C. was done with deliberate indifference to the fact that Defendant Pepperman was almost certain to violate the constitutional rights of young motorcyclists in the District of Columbia.

85. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Decedent was deprived of his aforementioned constitutional rights in the manner described in the Counts herein.

86. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Defendant D.C. is directly liable under §1983 for the violations of Decedent's constitutional rights described in the above Counts.

87. As a direct and proximate result of above described policies and customs, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

88. Defendant D.C.'s outrageous, intentional, reckless and grossly negligent unconstitutional and wrongful acts exhibit the degree of malice to warrant punitive damages.

89. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE,** Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## STATE LAW CLAIMS-WRONGFUL DEATH COUNTS

### Count V (Defendant Pepperman, Defendant D.C.)

#### Negligence

90. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

91. Defendant Pepperman had a duty to operate his motor vehicle in a careful and prudent manner, and yield the right of way to Decedent, and maintain his vehicle on the proper side of the road, so as to avoid crossing over the center of the street into oncoming traffic and striking Decedent's motorcycle.

92. Defendant Pepperman further had a duty to keep a proper lookout and to keep his motor vehicle under proper control at all times, and to give full time and attention to the operation of his motor vehicle.

93. Defendant Pepperman further had a duty to obey all applicable traffic regulations, laws, signs and signals.

94. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman negligently and carelessly failed to operate his motor vehicle in a careful and

prudent manner, and negligently and carelessly failed to yield the right of way to Decedent, so as to avoid striking Decedent's motorcycle.

95. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman negligently and carelessly failed to keep his unmarked vehicle under proper control at all times, and negligently and carelessly failed to give his full time attention to the operation of his motor vehicle.

96. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman negligently, recklessly, carelessly and without due care failed to obey all applicable traffic regulations, laws, and provide passage to oncoming vehicles to pass unobstructed in their lane of travel.

97. Due to the breaches of duty described above, Defendant Pepperman crossed over the center of the street in his unmarked vehicle into Decedent's lane of traffic striking Decedent and his motorcycle head on while Decedent was correctly occupying his lane of traffic.

98. Defendant knew or should have known that Arnell had just passed a speed bump on his motorcycle, as a result of which the difficulty of negotiating a sharp turn to avoid the hazard created by Defendant was sharply increased, and so the standard of care required of Defendant was heightened with respect to his maneuvering in proximity to Arnell's motorcycle.

99. Defendant never, at any time relevant to the instant lawsuit, activated his flashers or sirens, and was not engaged in hot pursuit of a suspect or otherwise responding to any police emergency.

100. As a result, of the collision and the negligence of Defendant Pepperman, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

101. All such damages were proximately and solely caused by the negligence of Defendant Pepperman without any negligence or assumption of the risk on the part of Decedent.

102. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

103. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

### Count VI (Defendant Pepperman, Defendant D.C.)

### Assault

104. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

105. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

106. Defendant Pepperman intentionally and unlawfully assaulted Plaintiff by swerving his vehicle into the opposite lane of traffic occupied by Decedent, with intent to cause apprehension in the Decedent.

22

107. Decedent's reaction to Defendant Pepperman's swerving his vehicle, evidenced Decedent's apprehension of imminent harm to himself.

108. Despite Decedent's attempt to avoid a collision, Defendant Pepperman's swerving vehicle collided into Decedent's motorcycle.

109. As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

110. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any provocation from Decedent.

111. At all times during which these tortious acts were being committed by Defendant Pepperman, Defendant Pepperman was employed as a police officer by Defendant D.C., and was on duty, operating a police vehicle owned by Defendant D.C.

112. At all times during which these tortious acts were being committed by Defendant Pepperman, Defendant Pepperman was acting within the scope of his employment as a police officer for Defendant D.C., and was acting as an agent of, with the assent of, for the benefit of, and under the control of Defendant D.C., with intent to furthering the District's objective of policing the streets of the District.

113. Consequently, Defendant D.C. is liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

114. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally in the amount of $70,000,000 (seventy million

dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

### Count VII (Defendant Pepperman, Defendant D.C.)

#### Battery

115. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

116. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

117. Defendant Pepperman intentionally battered Decedent by swerving his vehicle into the opposite lane of traffic occupied by Decedent and collided into Plaintiff Arnell Robinson's motorcycle.

118. The collision caused Decedent to eject from his motorcycle, hit the police car and hit the pavement.

119. As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

120. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any provocation from Decedent.

121. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

122. Damages sought under this count are proper pursuant to the Wrongful Death Act.

24

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count VIII (Defendant Pepperman, Defendant D.C.)

### Intentional Infliction of Emotional Distress

123. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

124. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

125. Defendant Pepperman intentionally swerved his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists for the purpose of intentionally causing Decedent extreme emotional distress, fear and apprehension.

126. Defendant Pepperman, by intentionally swerving his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists, did in fact cause Decedent extreme emotional distress, fear and apprehension.

127. As a direct and proximate cause of Defendant Pepperman's intentional act, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

128. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any justification or provocation from Decedent.

129. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

130. Damages sought under this count are proper pursuant to the Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count IX (Defendant Pepperman, Defendant D.C.)

### Negligent Infliction of Emotional Distress

131. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

132. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

133. Defendant Pepperman negligently swerved his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists.

134. Defendant Pepperman, by negligently swerving his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists, did in fact cause Decedent extreme emotional distress, fear and apprehension.

26

135. As a direct and proximate cause of Defendant Pepperman's negligence, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

136. All such damages were proximately and solely caused by the negligent actions of Defendant Pepperman without any contributory negligence of part of the Decedent.

137. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

138. Damages sought under this count are proper pursuant to the Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

## Count X (Defendant Pepperman, Defendant D.C.)

### Recklessness/Gross Negligence

139. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

140. Defendant Pepperman had a duty to operate his motor vehicle in a careful and prudent manner, and yield the right of way to Decedent, and maintain his vehicle on the proper side of the road, so as to avoid crossing over the center of the street into oncoming traffic and striking Decedent's motorcycle.

141. Defendant Pepperman further had a duty to keep a proper lookout and to keep his motor vehicle under proper control at all times, and to give full time and attention to the operation of his motor vehicle.

142. Defendant Pepperman further had a duty to obey all applicable traffic regulations, laws, signs and signals.

143. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman recklessly and with gross negligence failed to operate his motor vehicle in a careful and prudent manner, and recklessly and with gross negligence failed to yield the right of way to Decedent, and crossed over the center of the street into Decedent's lane of oncoming traffic, striking Decedent and his motorcycle.

144. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman recklessly and with gross negligence failed to keep his vehicle under proper control at all times, and recklessly and with gross negligence failed to give his full time attention to the operation of his motor vehicle.

145. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman recklessly and with gross negligence failed to obey all applicable traffic regulations, laws, signs and signals.

146. Due to the aforementioned breaches described, Defendant Pepperman drove his vehicle into Decedent's motorcycle travelling in the oncoming lane of traffic hitting Decedent and his motorcycle head on.

147. As a direct and proximate result of the negligence of and breach of the duty owed by Defendant D.C., Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

148. All such damages were proximately and solely caused by the gross negligence of Defendant Pepperman without any negligence or assumption of the risk on the part of Decedent.

149. Defendant Pepperman knew or should have known that his driving into the lane of the oncoming motorcycles was almost certain to, and in this case did, cause serious bodily injury and death of the Decedent.

150. Defendant Pepperman acted as described herein, with deliberate indifference for the life of the Decedent. Such deliberate indifference is further evidenced by the fact that Defendant knew or should have known that Arnell had just passed a speed bump on his motorcycle, as a result of which the difficulty of negotiate a sharp turn to avoid the hazard created by Defendant was sharply increased.

151. Defendant never, at any time relevant to the instant lawsuit, activated his flashers or sirens, and was not engaged in hot pursuit of a suspect or otherwise responding to any police emergency.

152. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

153. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs

of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XI (Defendant D.C.)

### Negligence in Hiring, Retention, Training and Supervision

154. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

155. At all times relevant herein, Defendant Pepperman was an employee, agent and/or servant of Defendant D.C., and acted under the direction and control of, and pursuant to the statutes, rules, regulations, policies, and procedures of Defendant D.C.

156. Defendant D.C. had a duty, through performance of reasonable inquiry, to hire as police officers, only such individuals who are capable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and to refrain from hiring individuals unfit or unable to enforce the District's police powers within constitutional boundaries.

157. Defendant D.C. had a duty to refrain from retaining, i.e., a duty to suspend and dismiss, those officers who demonstrate lack of capacity to appreciate the rights of citizens of the District of Columbia afforded by the United States Constitution, and to suspend and dismiss individuals unfit or unable to enforce the District's police powers within constitutional boundaries.

158. Defendant D.C. had a duty to train Defendant Pepperman to effect searches and seizures within the bounds of the United States Constitution, and not in violation of the Fourth, Fifth and Fourteenth Amendments of said Constitution.

159. Defendant D.C. had a duty to supervise Defendant Pepperman to ensure that his actions were in conformity with the United States Constitution.

160. In breach of the aforementioned duties set forth herein, Defendant D.C. hired Defendant Pepperman, without performance of reasonable inquiry, although Defendant Pepperman was incapable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and although Defendant Pepperman was unfit and unable to enforce the District's police powers within constitutional boundaries.

161. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to suspend and dismiss Defendant Pepperman, although the District knew or should of known from proper supervision of Defendant Pepperman prior to the incident complained of, that Defendant Pepperman was incapable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and that Defendant Pepperman was unfit and unable to enforce the District's police powers within constitutional boundaries.

162. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to train Defendant Pepperman to effect searches and seizures within the bounds of the United States Constitution, and not in violation of the Fourth, Fifth and Fourteenth Amendments of said Constitution.

163. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to supervise Defendant Pepperman to ensure that his actions were in conformity with the United States Constitution.

164. As a direct and proximate result of the negligence of Defendant D.C. with respect to its negligent hiring, retention, training and supervision of Defendant Pepperman, Decedent,

his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

165. The above referenced damages were the direct and proximate result of the negligence of Defendant D.C. with no contributory negligence or assumption of the risk on the part of Decedent.

166. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

## COUNT XII (Defendant D.C.)

### Vicarious Negligence Liability Under D.C. Code §50-1301.01

167. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

168. Defendant Pepperman was employed as a police officer by Defendant D.C., and was on duty, operating a police vehicle owned by Defendant D.C. during the collision.

169. By way of Defendant Pepperman's employment as a police officer for Defendant D.C., Defendant Pepperman had permission to operate the aforementioned unmarked police vehicle owned by Defendant D.C.

170. Consequently, Defendant D.C. is vicariously liable for the aforementioned negligent acts and omissions of Defendant Pepperman, and for the previously stated damages directly and

proximately caused by such acts and omissions, under D.C. Code §50-1301.01 et seq., i.e., the District's "responsible ownership" statute.

171. Damages sought under this count are proper pursuant to the District of Columbia Wrongful Death Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

## CONSTITUTIONAL CLAIMS-SURVIVORSHIP COUNTS

### Count XIII (Against Defendant Pepperman)

### Fourth Amendment: Unreasonable Seizure/False Arrest/Lack of Cause

172. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

173. At all times material hereto, Defendant Pepperman acted under color of law.

174. Defendant Pepperman intentionally swerved into Plaintiff's lane of traffic, under color of law, intending to deter Plaintiff from operating his motorcycle on the streets of the District of Columbia, which was tantamount to effecting a traffic stop, i.e., a seizure of the Decedent's person, without legally sufficient cause or reason, and indeed, did stop Arnell Robinson.

175. Defendant Pepperman had no probable cause, reasonable suspicion, nor articulable suspicion to believe that the Decedent had engaged in or was about to engage in any illegal activity.

176. At all times relevant to the instant lawsuit, Decedent, in fact, had not engaged in, and was not about to engage in any illegal activity.

177. As a direct and proximate result of the illegal search and seizure, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

178. Defendant Pepperman's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

179. The instant claim survives Decedent's death and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant Pepperman in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XIV (Against Defendant Pepperman)

### Fourth Amendment: Unreasonable Seizure by Excessive Force

180. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

181. At all times material hereto, Defendant Pepperman acted under color of law.

182. Defendant Pepperman seized the Decedent's person, as described above herein, through the use of deadly force, specifically, colliding his police car into Decedent's motorcycle.

183. Such deadly force was clearly and objectively unreasonable in light of the circumstances known to Defendant Pepperman, and no reasonable police officer in such circumstances would have used such means nor thought such means was within the bounds of reason.

184. At all times relevant to this lawsuit, Decedent was unarmed, and did not engage with or resist Defendant Pepperman in anyway, and was not engaging in any activity that put Defendant Pepperman or anyone else at risk of imminent harm.

185. Despite the Decedent's complete lack of aggression towards Defendant Pepperman or anyone else, Defendant Pepperman used excessive and deadly force to seize the Decedent's person.

186. The force which Defendant Pepperman used to stop Arnell Robinson was disproportionate to the force necessary to seize Arnell Robinson, as Defendant Pepperman possessed emergency flashers at his disposal in his vehicle, upon the activation of which, Decedent would have come to a stop or otherwise complied with Defendant's directions, had he been so instructed.

187. Defendant Pepperman had no reason to believe that the Decedent would not have stopped his motorcycle, had he been signaled or requested to in a reasonable and lawful manner.

188. No reasonable police officer, in similar circumstances, would have used the same disproportionate and deadly force used by Defendant Pepperman.

189. By his actions and conduct, Defendant Pepperman effected an unreasonable and illegal seizure of Decedent in violation of the Fourth Amendment.

190. As a direct and proximate result of the illegal search and seizure, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

191. Defendant Pepperman's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

192. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

   **WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant Pepperman in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.


### Count XV (Against Defendant Pepperman)

### Fifth and Fourteenth Amendments: Violation of Due Process

193. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

194. At all material times, Defendant Pepperman acted under color of law.

195. Pursuant to the Fifth and Fourteenth Amendments to the Constitution and the laws of the United States, Decedent had a constitutionally protected right to be free from deprivation of life and liberty without due process of law.

196. Specifically, Decedent had the right to be free from unreasonable governmental interference and obstruction while travelling on the roads of the United States.

197. Defendant Pepperman intentionally obstructed Decedent, without legal cause or reason, and without notice, in an unmarked police car.

198. Defendant Pepperman did not make a reasonable inquiry as to whether the Decedent had engaged in or was about to engage in any illegal activity, prior to intentionally swerving into Decedent's motorcycle.

199. Defendant's swerving into the Decedent's motorcycle without any provocation or lawful reason amounts to unreasonable governmental interference and obstruction of Decedent's travel on said roads, and therefore a violation of the Decedent's substantive due process rights.

200. If Defendant Pepperman had reasonably suspected Decedent of being in violation of the traffic laws, due process would entitle the Decedent to a lawful police stop.

201. Rather than being afforded Due process substantive procedurally or substantially, the Decedent was unreasonably deprived of his liberty to travel the roads of the United States unimpeded, and in the process, summarily executed by Defendant Pepperman, under color of District of Columbia law.

202. As a direct and proximate result of the aforementioned constitutional violations, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

203. Defendant Pepperman's outrageous, intentional wrongful acts exhibit the degree of malice to warrant punitive damages.

204. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant Pepperman in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XVI (Against Defendant D.C.)

### §1983 *Monell* Claim for Violations of Fourth, Fifth and Fourteenth Amendment Rights

205. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

206. As described in the above Counts of this Complant, Defendant Pepperman violated the Decedent's Fourth, Fifth and Fourteenth Amendment rights.

207. At all times material hereto, Defendant Pepperman acted under color of law. He was on duty, performing his job as a police officer of the District of Columbia, pursuant to the authority vested in him by Defendant D.C.

208. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to encourage and permit officers on patrol in their vehicles to intimidate young motorcyclists, intentionally, using means including but not limited to swerving into motorcyclists' lane of traffic causing the rider to swerve, fall or lose control of the motorcycle.

209. Officers of the MPD, including Defendant Pepperman, pursued this practice in order to intimidate, threaten and bully motorcycle riders in D.C.

210. These practices and/or customs employed by the MPD Officers, including Defendant Pepperman, were commonplace and were knowingly or tacitly condoned by supervisors within the MPD.

211. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to condone abuses of police power by its officers, including but not limited to the type of abuse alleged against Defendant Pepperman herein, through its inaction and failure to investigate and pursue reports of unlawful seizures and use of excessive force, and failure to deter such behavior by its agents through proper training, reprimand, suspension or dismissal, particularly with respect to incidents involving young motorcyclists.

212. At all times relevant to the instant lawsuit, it was the policy, practice and custom of Defendant D.C., endemic to its MPD, to fail to train and discipline its officers, creating a situation where its unfit, untrained and undisciplined officers were certain to violate the constitutional rights of young motorists in the District of Columbia through unreasonable seizures, use of excessive force, and deprivation of due process of the law, without fear of consequence.

213. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant D.C. to the constitutional rights of young motorcyclists and others within the District, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

214. Defendant D.C. and its agents adhered to the aforementioned policies, practices and customs intentionally, and with deliberate indifference to the obvious inevitability that young motorcyclists in the District of Columbia, such as and including the Decedent,

would be deprived of their Fourth and Fifth Amendment constitutional rights in the manner described in the Counts herein (unlawful seizures, uses excessive force and unreasonable obstruction of travel).

215. As a result of improper training by Defendant D.C., Defendant Pepperman was incapable to do his job without violating the constitutional rights of young motorcyclists in the District of Columbia with which he came into contact. Defendant D.C. allowed Defendant Pepperman to perform his job without providing him proper training with respect to protecting the Constitutional rights of the District's Citizens and specifically with respect to the constitutional rights of young motorcyclists, with deliberate indifference to the fact that he was almost certain to violate the constitutional rights of young motorcyclists and others in the District of Columbia.

216. As a result of the above described policies and customs, Defendant Pepperman was not suspended or fired at any time prior to the collision, when had he been properly monitored, the District of Columbia should have known that he was unfit and incapable of carrying out the police powers of Defendant D.C. without violating the United States Constitution. Said retention of Defendant Pepperman by Defendant D.C. was done with deliberate indifference to the fact that he was almost certain to violate the constitutional rights of D.C. citizens, including but not limited to young motorcyclists.

217. As a result of the above described policies and customs, Defendant Pepperman, believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or punished, but would be tolerated. Defendant Pepperman was never deterred in any way from committing the constitutional violations he engaged in with respect to the Decedent. Said failure to deter on part of Defendant D.C.

was done with deliberate indifference to the fact that Defendant Pepperman was almost certain to violate the constitutional rights of young motorcyclists in the District of Columbia.

218. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Decedent was deprived of his aforementioned constitutional rights in the manner described in the Counts herein.

219. As a direct and proximate result of the official and unofficial policies, procedures, customs, usages and practices of Defendant D.C., Defendant D.C. is directly liable under §1983 for the violations of Decedent's constitutional rights described in the above Counts.

220. As a direct and proximate result of above described policies and customs, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

221. Defendant D.C.'s outrageous, intentional, reckless and grossly negligent unconstitutional and wrongful acts exhibit the degree of malice to warrant punitive damages.

222. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

# STATE LAW CLAIMS-SUVIVORSHIP COUNTS

## Count XVII (Defendant Pepperman, Defendant D.C.)

### Negligence

223. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

224. Defendant Pepperman had a duty to operate his motor vehicle in a careful and prudent manner, and yield the right of way to Decedent, and maintain his vehicle on the proper side of the road, so as to avoid crossing over the center of the street into oncoming traffic and striking Decedent's motorcycle.

225. Defendant Pepperman further had a duty to keep a proper lookout and to keep his motor vehicle under proper control at all times, and to give full time and attention to the operation of his motor vehicle.

226. Defendant Pepperman further had a duty to obey all applicable traffic regulations, laws, signs and signals.

227. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman negligently and carelessly failed to operate his motor vehicle in a careful and prudent manner, and negligently and carelessly failed to yield the right of way to Decedent, so as to avoid striking Decedent's motorcycle.

228. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman negligently and carelessly failed to keep his unmarked vehicle under proper control at all times, and negligently and carelessly failed to give his full time attention to the operation of his motor vehicle.

229. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman negligently, recklessly, carelessly and without due care failed to obey all applicable traffic regulations, laws, and provide passage to oncoming vehicles to pass unobstructed in their lane of travel.

230. Due to the breaches of duty described above, Defendant Pepperman crossed over the center of the street in his unmarked vehicle into Decedent's lane of traffic striking Decedent and his motorcycle head on while Decedent was correctly occupying his lane of traffic.

231. Defendant knew or should have known that Arnell had just passed a speed bump on his motorcycle, as a result of which the difficulty of negotiate a sharp turn to avoid the hazard created by Defendant was sharply increased, and so the standard of care required of Defendant was heightened with respect to his maneuvering in proximity to Arnell's motorcycle.

232. Defendant never, at any time relevant to the instant lawsuit, activated his flashers or sirens, and was not engaged in hot pursuit of a suspect or otherwise responding to any police emergency.

233. As a result, of the collision and the negligence of Defendant Pepperman, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

234. All such damages were proximately and solely caused by the negligence of Defendant Pepperman without any negligence or assumption of the risk on the part of Decedent.

235. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

236. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

## Count XVIII (Defendant Pepperman, Defendant D.C.)

### Assault

237. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

238. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

239. Defendant Pepperman intentionally and unlawfully assaulted Plaintiff by swerving his vehicle into the opposite lane of traffic occupied by Decedent, with intent to cause apprehension in the Decedent.

240. Decedent's reaction to Defendant Pepperman's swerving his vehicle, evidenced Decedent's apprehension of imminent harm to himself.

241. Despite Decedent's attempt to avoid a collision, Defendant Pepperman's swerving vehicle collided into Decedent's motorcycle.

242. As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

243. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any provocation from Decedent.

244. At all times during which these tortious acts were being committed by Defendant Pepperman, Defendant Pepperman was employed as a police officer by Defendant D.C., and was on duty, operating a police vehicle owned by Defendant D.C.

245. At all times during which these tortious acts were being committed by Defendant Pepperman, Defendant Pepperman was acting within the scope of his employment as a police officer for Defendant D.C., and was acting as an agent of, with the assent of, for the benefit of, and under the control of Defendant D.C., with intent to furthering the District's objective of policing the streets of the District.

246. Consequently, Defendant D.C. is liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

247. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XIX (Defendant Pepperman, Defendant D.C.)

### Battery

248. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

249. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

250. Defendant Pepperman intentionally battered Decedent by swerving his vehicle into the opposite lane of traffic occupied by Decedent and collided into Plaintiff Arnell Robinson's motorcycle.

251. The collision caused Decedent to eject from his motorcycle, hit the police car and hit the pavement.

252. As a direct and proximate cause of the collision, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

253. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any provocation from Decedent.

254. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

255. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs

of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XX (Defendant Pepperman, Defendant D.C.)

### Intentional Infliction of Emotional Distress

256. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

257. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

258. Defendant Pepperman intentionally swerved his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists for the purpose of intentionally causing Decedent extreme emotional distress, fear and apprehension.

259. Defendant Pepperman, by intentionally swerving his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists, did in fact cause Decedent extreme emotional distress, fear and apprehension.

260. As a direct and proximate cause of Defendant Pepperman's intentional act, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

261. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any justification or provocation from Decedent.

262. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

263. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE,** Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest,  attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XXI (Defendant Pepperman, Defendant D.C.)

### Negligent Infliction of Emotional Distress

264. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

265. At all times material hereto, Defendant Pepperman acted within the course and scope of his employment as a servant and/or employee of Defendant D.C.

266. Defendant Pepperman negligently swerved his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists.

267. Defendant Pepperman, by negligently swerving his vehicle into the oncoming lane of traffic occupied by Decedent and the other approaching motorcyclists, did in fact cause Decedent extreme emotional distress, fear and apprehension.

268. As a direct and proximate cause of Defendant Pepperman's negligence, Decedent, his statutory beneficiaries, and his Estate suffered the damages as described in paragraph 38 herein.

269. All such damages were proximately and solely caused by the intentional actions of Defendant Pepperman without any contributory negligence on part of Decedent.

270. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

271. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

## Count XXII (Defendant Pepperman, Defendant D.C.)

### Recklessness/Gross Negligence

272. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

273. Defendant Pepperman had a duty to operate his motor vehicle in a careful and prudent manner, and yield the right of way to Decedent, and maintain his vehicle on the proper side of the road, so as to avoid crossing over the center of the street into oncoming traffic and striking Decedent's motorcycle.

274. Defendant Pepperman further had a duty to keep a proper lookout and to keep his motor vehicle under proper control at all times, and to give full time and attention to the operation of his motor vehicle.

275. Defendant Pepperman further had a duty to obey all applicable traffic regulations, laws, signs and signals.

276. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman recklessly and with gross negligence failed to operate his motor vehicle in a careful and prudent manner, and recklessly and with gross negligence failed to yield the right of way to Decedent, and crossed over the center of the street into Decedent's lane of oncoming traffic, striking Decedent and his motorcycle.

277. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman recklessly and with gross negligence failed to keep his vehicle under proper control at all times, and recklessly and with gross negligence failed to give his full time attention to the operation of his motor vehicle.

278. Notwithstanding the above referenced duties, and in breach of such duties, Defendant Pepperman recklessly and with gross negligence failed to obey all applicable traffic regulations, laws, signs and signals.

279. Due to the aforementioned breaches described, Defendant Pepperman drove his vehicle into Decedent's motorcycle travelling in the oncoming lane of traffic hitting Decedent and his motorcycle head on.

280. As a direct and proximate result of the negligence of and breach of the duty owed by Defendant D.C., Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

281. All such damages were proximately and solely caused by the gross negligence of Defendant Pepperman without any negligence or assumption of the risk on the part of Decedent.

282. Defendant Pepperman knew or should have known that his driving into the lane of the oncoming motorcycles was almost certain to, and in this case did, cause serious bodily injury and death of the Decedent.

283. Defendant Pepperman acted as described herein, with deliberate indifference for the life of the Decedent.  Such deliberate indifference is further evidenced by the fact that Defendant knew or should have known that Arnell had just passed a speed bump on his motorcycle, as a result of which the difficulty of negotiating a sharp turn to avoid the hazard created by Defendant was sharply increased.

284. Defendant never, at any time relevant to the instant lawsuit, activated his flashers or sirens, and was not engaged in hot pursuit of a suspect or otherwise responding to any police emergency.

285. Defendant D.C. is jointly and severally liable under the doctrine of respondeat superior for the aforementioned tortious acts and omissions of Defendant Pepperman.

286. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE,** Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. and Defendant Pepperman, jointly and severally, in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest,  attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper, and $30,000,000 (thirty million dollars) in punitive damages.

## Count XXIII (Defendant D.C.)

## Negligence in Hiring, Retention, Training and Supervision

287. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

288. At all times relevant herein, Defendant Pepperman was an employee, agent and/or servant of Defendant D.C., and acted under the direction and control of, and pursuant to the statutes, rules, regulations, policies, and procedures of Defendant D.C.

289. Defendant D.C. had a duty, through performance of reasonable inquiry, to hire as police officers, only such individuals who are capable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and to refrain from hiring individuals unfit or unable to enforce the District's police powers within constitutional boundaries.

290. Defendant D.C. had a duty to refrain from retaining, i.e., a duty to suspend and dismiss, those officers who demonstrate lack of capacity to appreciate the rights of citizens of the District of Columbia afforded by the United States Constitution, and to suspend and dismiss individuals unfit or unable to enforce the District's police powers within constitutional boundaries.

291. Defendant D.C. had a duty to train Defendant Pepperman to effect searches and seizures within the bounds of the United States Constitution, and not in violation of the Fourth, Fifth and Fourteenth Amendments of said Constitution.

292. Defendant D.C. had a duty to supervise Defendant Pepperman to ensure that his actions were in conformity with the United States Constitution.

293. In breach of the aforementioned duties set forth herein, Defendant D.C. hired Defendant Pepperman, without performance of reasonable inquiry, although Defendant Pepperman was incapable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and although Defendant Pepperman was unfit and unable to enforce the District's police powers within constitutional boundaries.

294. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to suspend and dismiss Defendant Pepperman, although the District knew or should of known from proper supervision of Defendant Pepperman prior to the incident complained of, that Defendant Pepperman was incapable of appreciating the rights of citizens of the District of Columbia afforded by the United States Constitution, and that Defendant Pepperman was unfit and unable to enforce the District's police powers within constitutional boundaries.

295. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to train Defendant Pepperman to effect searches and seizures within the bounds of the United States Constitution, and not in violation of the Fourth, Fifth and Fourteenth Amendments of said Constitution.

296. In breach of the aforementioned duties set forth herein, Defendant D.C. failed to supervise Defendant Pepperman to ensure that his actions were in conformity with the United States Constitution.

297. As a direct and proximate result of the negligence of Defendant D.C. with respect to its negligent hiring, retention, training and supervision of Defendant Pepperman, Decedent, his statutory beneficiaries, and his Estate suffered damages as described in paragraph 38 herein.

298. The above referenced damages were the direct and proximate result of the negligence of Defendant D.C. with no contributory negligence or assumption of the risk on the part of Decedent.

299. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest,  attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

## COUNT XXIV (Defendant D.C.)

### Vicarious Negligence Liability Under D.C. Code §50-1301.01

300. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

301. Defendant Pepperman was employed as a police officer by Defendant D.C., and was on duty, operating a police vehicle owned by Defendant D.C. during the collision.

302. By way of Defendant Pepperman's employment as a police officer for Defendant D.C., Defendant Pepperman had permission to operate the aforementioned unmarked police vehicle owned by Defendant D.C.

303. Consequently, Defendant D.C. is vicariously liable for the aforementioned negligent acts and omissions of Defendant Pepperman, and for the previously stated damages directly and proximately caused by such acts and omissions, under D.C. Code §50-1301.01 et seq., i.e., the District's "responsible ownership" statute.

304. The instant claim survives Decedent and damages are recoverable under the District of Columbia Survivorship Act.

**WHEREFORE**, Plaintiff Caroline Robinson, individually and as personal representative and administrator of the Estate of Arnell Robinson, demands judgment against Defendant D.C. in the amount of $70,000,000 (seventy million dollars), plus prejudgment and post-judgment interest, attorneys' fees and other costs of this suit, and such other relief that the Court may deem just and proper.

Respectfully Submitted by:

Caroline Robinson
Plaintiff, individually and as Personal
Representative and Administrator of the
Estate of Arnell Robinson

David L. Shurtz
Plaintiff's Lead Attorney
D.C. Bar No. 454598
730 N. Glebe Road
Arlington, VA  22203
(703) 528-4433
Dshurtz103@aol.com
(703) 841-1087 (fax)

Kevin Borland
Co-Counsel for Plaintiff
730 N. Glebe Road
Arlington, VA  22203
(571) 435-6938
kborland@alum.mit.edu
D.C. Bar No. 484989
Fax:  (703) 527-7460

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by a jury of six.

Respectfully Submitted:

David L. Shurtz
Plaintiff's Lead Attorney
D.C. Bar No. 454598
730 N. Glebe Road
Arlington, VA  22203
(703) 528-4433
Dshurtz103@aol.com
(703) 841-1087 (fax)

Kevin Borland
Co-Counsel for Plaintiff
730 N. Glebe Road
Arlington, VA  22203
(571) 435-6938
kborland@alum.mit.edu
D.C. Bar No. 484989
Fax:  (703) 527-7460