**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CAROLINE ROBINSON,**

**Plaintiff,**

**v.**

**DISTRICT OF COLUMBIA, *et al.*,**

**Defendants.**

**Civil Action No. 09-2294 (JEB)**

## MEMORANDUM OPINION

In March of 2006, Plaintiff Caroline Robinson's son Arnell was killed in a traffic accident involving his motorcycle and a car operated by Metropolitan Police Department Officer Michael Pepperman. At the end of 2009, Plaintiff filed suit against Pepperman and the District of Columbia, alleging constitutional violations and common-law tort claims. Plaintiff has now moved to significantly amend her Complaint by adding six claims and 18 defendants. Because the Court finds that the proposed amendments would be futile and would cause unnecessary delay, it will deny Plaintiff's Motion.

### I. Background

On December 2, 2009, Caroline Robinson filed a Complaint in the instant case. Her claims arise out of a collision on March 6, 2009, between a vehicle driven by Pepperman and a motorcycle driven by Plaintiff's son Arnell. See Compl., ¶ 19. Arnell, who was only 20 years old, was hospitalized immediately following the accident and died shortly thereafter. Id., ¶¶ 14, 20. On the basis of this incident, Plaintiff has sued Pepperman and the District of Columbia. Her Complaint raises eight federal constitutional counts and sixteen state-law counts, ranging

from unreasonable seizure under the Fourth Amendment to the common-law torts of assault and battery. See generally Compl. In total, the original Complaint consists of 304 paragraphs and spans 56 pages. Id.

On March 1, 2012, Plaintiff filed a Motion for Leave to Amend her Complaint in which she seeks to add six new counts and 18 additional defendants. The first two counts relate to the alleged use of excessive force in connection with Plaintiff's wrongful-death and survival claims, respectively. Mot., Exh. 4 (Proposed Amended Compl.), ¶¶ 308-644. The next two are based on MPD's alleged cover-up of its wrongdoing. Id., ¶¶ 645-825. And the final two counts allege a "Watergate styled conspiracy to use the secrecy powers of Internal Affairs to limit access to information" that shows Pepperman's culpability. Id., ¶ 846, ¶¶ 826-859. All six also seek punitive damages.

## II. Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff must seek consent from the defendant or leave from the Court. The latter "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc…." Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the

non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the proposed amendment would render the complaint deficient, courts need not grant leave. See In re Interbank Funding Corp. Securities Litigation, 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Forman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.") (citations omitted).

## III. Analysis

Because Plaintiff seeks to amend her Complaint outside the 21-day windows wherein she may do so as a matter of right, she must obtain either consent from the opposing parties or leave of court. See Fed. R. Civ. P. 15(a). While Defendant Pepperman did not file an opposition, the District of Columbia opposes Plaintiff's Motion on four grounds. First, it argues that Plaintiff's proposed amendments would be futile because they run afoul of Rule 8's requirement that a Complaint be a "short and plain statement" of the claim and the basis for relief. Fed. R. Civ. P. 8(a)(2); Opp. at 3-10. Second, it contends that amendment should not be permitted because Plaintiff's proposed Amended Complaint would be dismissed under the plausibility pleading standard set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). See Opp. at 10-12. Third, it maintains that amendment would be futile because Plaintiff would be subject to an order to provide a more definite statement. Id. at 12-13. Finally, it asserts that the Court should deny

leave to amend because Plaintiff could have included the claims she proposes to add when she filed the original Complaint. Id. at 13-14. The Court will discuss all but the third, which, given the result it reaches, it need not address.

Defendant initially argues that the proposed Amended Complaint does not comply with Rule 8's requirement that a pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the outset, the Court notes that the original Complaint, at over 56 pages, was hardly a bare-bones pleading. See generally Compl. Plaintiff now proposes to add 140 additional pages, which would put the Amended Complaint at 196 pages and over 1,000 paragraphs. In addition, Plaintiff's Amended Complaint is accompanied by 21 exhibits, including over 2,700 pages of documents. See Proposed Amended Compl. Courts have dismissed complaints far less bloated than this one for violations of Rule 8. See Unfoldment, Inc. v. Dist. of Columbia, 2007 WL 3125236, at *1-2 (D.D.C. 2007) (dismissing 61-page complaint); Ciralsky v. CIA, 355 F.3d 661, 668-671 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); Nichols v. Holder, 2011 WL 6198343, at *3-4 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977) (collecting cases).

The Court concludes, therefore, that Plaintiff's proposed Amended Complaint would clearly violate Rule 8, rendering her proposed amendments futile. See Onyewuchi v. Gonzalez, 267 F.R.D. 417, 420 (D.D.C. 2010) ("Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss.") (citing James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)); see also Nichols, 2011 WL 6198343, at *2

("'[U]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'") (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted)).

It is not merely the length of the proposed Amended Complaint that warrants denial of Plaintiff's Motion; the disorganized and convoluted nature of the allegations counsel that result as well.  The purpose of Rule 8 "is to give fair notice of the claims being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown, 75 F.R.D. at 498 (citations omitted).  For this reason, the federal pleading rules emphasize clarity and brevity.  See Ciralsky, 355 F.3d at 669.  Here, Plaintiff's proposed claims require great perspicuity to construe.  A typical sentence states, "The Supervisors, Investigators and MPD Hierarchy … are being sued under a cover-up action for depriving Robinson of his rights … under 42 U.S.C. 1983 as related by a causal connection to the cover-up theory with intent and consequences which enables his Estate to recover under the District of Columbia's Wrongful Death Statute with joint and several liabilitly [*sic*]." Proposed Amended Compl., ¶ 646.  It would thus be a largely insurmountable task for Defendants to wade through the proposed Amended Complaint and its lengthy attachments in an attempt to decipher the precise claims against them.  As it is the responsibility of Plaintiff's counsel to "organize [the facts]  … into the 'clear and concise' statements required by the Rules," Chennareddy v. Dodaro, 2012 WL 1059605, at *2 (D.D.C. 2011), requiring Defendants to make sense of Plaintiff's labyrinth of meandering and argumentative allegations would place an undue burden on them.  The Court finds, therefore, that it would not be in the interest of justice to allow Plaintiff to amend the Complaint as she proposes here.  See Fed. R. Civ. P. 15(a)(2).

In addition to its contravention of Rule 8, Plaintiff's Complaint at times verges on the implausible. Her conspiracy theories, which constantly liken the alleged police cover-up here to the Watergate scandal, do little to enhance her case. A prime example reads, "Chief Lanier implemented a Watergate styled cover-up when she took the investigation of the Robinson case out of the hands of the [Major Crash Investigations Unit] … just as Nixon approved Haldemans's recommendation to take the Watergate investigation out of the hands of the FBI and gave it to an Agency that President Nixon thought he could control, *i.e.* the CIA." Proposed Amended Complaint, ¶ 539. Such irrelevant and distracting accusations have no place in a properly pleaded complaint.

Finally, the Court agrees that Plaintiff, if she had wished to raise these allegations, should have done so earlier. Denial of leave to amend is appropriate when "'a party had sufficient opportunity to state the amended claims and failed to do so,'" or when "the plaintiff was aware of the information underlying the proposed amendment long before moving for leave to amend the complaint." Onyewuchi, 267 F.R.D. at 420 (quoting Equity Group, Ltd. v. Painewebber, Inc., 839 F. Supp. 930, 932 (D.D.C. 1993)). Plaintiff has already alleged facts in her original Complaint that relate to the claims she now seeks to raise. For example, she describes an alleged police cover-up in her original Complaint, stating that "Defendant Pepperman conspired with other officers to fabricate facts in the police report with the motivation of concealing Pepperman's tortious and unconstitutional actions." Compl., ¶ 29. As such, it seems that she would have been able to bring many of the § 1983 claims she now seeks to add at the time of her initial Complaint. Even if that were not the case, Plaintiff acquired the MPD CCTV video on which she bases much of her Amended Complaint in August 2011. As

she offers no compelling reason why she waited until March 2012 to file the instant motion, the delay is unwarranted.

In any event, a central claim she wishes to now bring in her Amended Complaint – namely, that MPD personnel who engaged in a cover-up are liable for the underlying torts – has been rejected by a case Plaintiff herself cites. See Landrigan v. Warwick, 628 F.2d 736, 742 (1st Cir. 1980) (rejecting theory that two defendants, by conspiring to cover up a third defendant's use of excessive force, became liable for third defendant's original tort); see also Mazloum v. District of Columbia, 442 F. Supp. 2d 1, 10 (D.D.C. 2006) (rejecting notion that defendants who conspired after the fact to cover up beating allegedly committed by another defendant became liable themselves for beating).

Plaintiff's proposed amendments, moreover, arrive very late in the day. Fact discovery was originally scheduled to close on May 16, 2011. See ECF No. 23 (Scheduling Order dated 12/14/2010). In the interim, the parties have requested five extensions of time to complete discovery, all of which the Court has granted. See Minute Orders dated 5/5/2011, 7/29/2011, 10/17/2011, 1/23/2012, and 4/24/2012. The discovery deadline is now set for July 30, 2012 – over a year past the date initially ordered by the Court. With this date approaching, the Court does not believe it is in the interest of justice to permit wholesale amendments that would substantially extend discovery and delay resolution of the case.

## IV. Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order denying Plaintiff's Motion for Leave to Amend.

/s/ *James E. Boasberg*
JAMES E. BOASBERG

United States District Judge

Date:  May 23, 2012